Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 683-6900
Fax: (310) 943-3397

Donald S. Zakarin (*pro hac vice* application forthcoming)
*dzakarin@pryorcashman.com*
Ilene S. Farkas (*pro hac vice* application forthcoming)
*ifarkas@pryorcashman.com*
Andrew M. Goldsmith (*pro hac vice* application forthcoming)
*agoldsmith@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
Fax: (212) 326-0806

Attorneys for Defendant
*Benjamin Joseph Levin p/k/a Benny Blanco, Ashley Nicolette Frangipane p/k/a Halsey,
Nathan Perez p/k/a Happy Perez, Khalid Donnel Robinson p/k/a Khalid, Edward
Christopher Sheeran, Friends Keep Secrets, Inc. and UMG Recordings, Inc. d/b/a
Interscope Records*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KONSTANTINE PANAGIOTIS LOIS and SHANE JARRET WILLIAMS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BENJAMIN JOSEPH LEVIN p/k/a BENNY BLANCO et al.,<br><br>    Defendants. | Case No. 2:21-cv-4305-SVW-ADS<br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br>*(Declaration of Ilene Farkas and Request for Judicial Notice Filed, and [Proposed] Order Lodged Concurrently)*<br><br>Date: October 18, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 10A |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Monday, October 18, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10A of this Court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants Benjamin Joseph Levin p/k/a Benny Blanco ("Blanco"), Ashley Nicolette Frangipane p/k/a Halsey ("Halsey"), Nathan Perez p/k/a Happy Perez ("Perez"), Khalid Donnel Robinson p/k/a Khalid ("Khalid"), Edward Christopher Sheeran ("Sheeran"), Friends Keep Secrets, Inc. ("FKSI"), and UMG Recordings, Inc. d/b/a Interscope Records ("UMG") (collectively, "Defendants") will and hereby do move the Court for an order dismissing the Complaint filed in this action ("Complaint") by plaintiffs Konstantine Panagiotis Lois and Shane Jarret Williams ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(1) and b(6).

Defendants' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Ilene Farkas, the Request for Judicial Notice, any reply memorandum, the pleadings and files in this action, and such other matters as may be presented at or before the hearing.

This motion is made following a telephonic conference of counsel pursuant to L.R. 7-3 which took place on August 16, 2021. During that conference Defendants' counsel informed Plaintiffs' counsel that Plaintiffs' Complaint was deficient because, among other reasons, Plaintiffs' failed to allege ownership of the musical composition copyright upon which Plaintiffs are purporting to sue. Plaintiffs' counsel acknowledged that deficiency in the Complaint and further acknowledged that Plaintiffs are unclear whether they actually do own that musical composition copyright (or just the copyright in the corresponding sound recording, upon which Plaintiffs are not suing), and requested additional time to investigate that issue. On August 18, 2021 the parties executed and filed a stipulation extending Defendants' time to respond to the Complaint through September 9, 2021 in order to provide Plaintiffs the requested opportunity to consider whether they would be able to cure that deficiency by way of amendment (Dkt. 19), and the Court granted that extension on August 23, 2021. (Dkt. 20) On September

7, 2021 the parties executed and filed an additional stipulation further extending Defendants' time to respond to the Complaint through October 8, 2021. (Dkt. 21). In the September 7 stipulation Plaintiffs expressly acknowledged the "pleading defect" in their Complaint and represented that, depending on the results of their "investigation" into whether they own a musical composition copyright, they would either "amend the Complaint to allege such ownership" or "file a notice of dismissal without prejudice…and commence a new action if and when they procure ownership of a registered copyright in the musical composition."  The Court denied the parties' September 7 stipulation on September 13 (Dkt. 23), and Defendants subsequently requested that Plaintiffs voluntarily dismiss their admittedly-defective pleading until they are able to—and actually do—knowingly allege ownership of the musical composition copyright upon which they are purporting to sue.  Notwithstanding that their existing pleading is plainly and admittedly defective, Plaintiffs refused, and Defendants consequently have been forced to file this present motion to dismiss.

Defendants submit that, in light of the above history and Plaintiffs' and their counsel's conduct, the Court should issue an Order under Federal Rule of Civil Procedure 11(c)(3) requiring Plaintiffs and/or their counsel to show cause why they should not be sanctioned for violation of Rule 11(b)(3), which requires all "factual contentions" made by the parties and their attorneys to the Court to "have evidentiary support."

Dated: September 17, 2021                    By:    _/s/ Benjamin S. Akley_

Benjamin S. Akley
*bakley@pryorcashman.com*

*Attorneys for Defendants*
*Benjamin Joseph Levin p/k/a Benny Blanco, Ashley Nicolette Frangipane p/k/a Halsey, Nathan Perez p/k/a Happy Perez, Khalid Donnel Robinson p/k/a Khalid, Edward Christopher Sheeran, Friends Keep Secrets, Inc. and UMG Recordings, Inc. d/b/a Interscope Records*

ii

1

# **TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES ........................................................................... ii

3  PRELIMINARY STATEMENT ...................................................................... 1

4  RELEVANT FACTS ....................................................................................... 3

5     A.  Loveless & Eastside ........................................................................... 3

6     B.  Plaintiffs' Bare Allegations Of Access And Actual Copying ........... 3

7     C.  Plaintiffs Exclusively Allege Copying Of Unprotectable Expression ............. 5

8  ARGUMENT .................................................................................................... 6

9    I.   LEGAL STANDARD ............................................................................ 6

10      A.  Fed. R. Civ. P. 12(b)(6) ................................................................ 6

11      B.  Copyright Infringement ................................................................ 7

12   II.  THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES

13        NOT ALLEGE THAT PLAINTIFFS OWN A REGISTERED

14        COPYRIGHT IN THE LOVELESS MUSICAL COMPOSITION ................. 8

15   III. THE COMPLAINT SHOULD BE DISMISSED BECAUSE

16        IT DOES NOT PLAUSIBLY ALLEGE ACTUAL COPYING ...................... 9

17      A.  The Complaint Does Not Plausibly Allege Access ................................... 9

18      B.  The Complaint Does Not Plausibly Allege Striking Similarity ............... 12

19   IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT

20        DOES NOT PLAUSIBLY ALLEGE UNLAWFUL APPROPRIATION ...... 13

21 CONCLUSION ................................................................................................ 17

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**CASES**                                                                                          **PAGE(s)**

*Apple Computer, Inc. v. Microsoft Corp.*,
    35 F.3d 1435 (9th Cir. 1994) ................................................................. 14

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
    581 F.3d 1138 (9th Cir. 2009) ................................................................. 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 6

*Basile v. Sony Pictures Ent. Inc.*,
    No. 14-cv-04264 (DMG), 2014 WL 12521344 (C.D. Cal. Aug. 19,
    2014), *aff'd*, 678 F. App'x 473 (9th Cir. 2017) ................................ 7, 16

*Batts v. Adams*,
    No. 10-cv-8123 (JFW), 2011 WL 13217923 (C.D. Cal. Feb. 8, 2011) ......... 9, 10, 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................ 6

*Cavalier v. Random House, Inc.*,
    297 F.3d 815 (9th Cir. 2002) ............................................................ 13, 14

*Corbello v. Valli*,
    974 F.3d 965 (9th Cir. 2020) ................................................................. 14

*DeSoto v. Yellow Freight Sys., Inc.*,
    957 F.2d 655 (9th Cir. 1992) ........................................................ 11, 13, 16

*Erickson v. Blake*,
    839 F. Supp. 2d 1132 (D. Or. 2012) ...................................................... 16

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019) ............................................................................. 8

*Gray v. Perry*,
    No. 15-cv-5642 (CAS), 2020 WL 1275221
    (C.D. Cal. Mar. 16, 2020) ................................................... 12, 14, 15, 16

*Hayes v. Keys*,
    No. 14-cv-6246 (PA), 2015 WL 12734010 (C.D. Cal. Jan. 7, 2015) ................. 10

1

**CASES**                                                                              **PAGE(s)**

*Hayes v. Minaj*,
   No. 12-cv-7972 (SVW), 2012 WL 12887393 (C.D. Cal. Dec. 18, 2012) ............... 10

*Klauber Brothers, Inc. v. H and M Hennes and Mauritz LP*,
   No. 18-cv-3507 (MWF), 2018 WL 6985316 (C.D. Cal. Dec. 11, 2018)................. 12

*Marcus v. ABC Signature Studios, Inc.*,
   279 F. Supp. 3d 1056 (C.D. Cal. 2017)...................................................... 7

*Marshall v. Huffman*,
   No. 10-C-1665 (SI), 2010 WL 5115418 (N.D. Cal. Dec. 9, 2010)......................... 3

*Masterson v. Walt Disney Co.*,
   821 F. App'x 779 (9th Cir. 2020).......................................................... 14

*McDonald v. West*,
   138 F. Supp. 3d 448 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016)........ 15

*Morrill v. Stefani*,
   338 F. Supp. 3d 1051 (C.D. Cal. 2018)......................................... 12, 15, 16

*Newtown v. Diamond*,
   388 F.3d 1189 (9th Cir. 2004) .............................................................. 15, 16

*Pareto v. F.D.I.C.*,
   139 F.3d 696, 699 (9th Cir. 1998) ......................................................... 6, 10

*Puckett v. Hernandez*,
   No. 16-cv-02199 (SVW), 2016 WL 7647555 (C.D. Cal. Dec. 21, 2016) ............... 16

*Rentmeester v. Nike, Inc.*,
   883 F.3d 1111 (9th Cir. 2018) ....................................................... 7, 9, 13, 14

*Schreiber Distribg. Co. v. Serv-Well Furniture Co., Inc.*,
   806 F.2d 1393 (9th Cir. 1986) .................................................... 11, 13, 16

*Shaheed-Edwards v. Syco Entm't, Inc.*,
   No. 17-cv-6579 (SJO), 2017 WL 6403091 (C.D. Cal. Dec. 14, 2017)............... 9, 10

*Shame on You Prods. v. Banks*,
   120 F. Supp. 3d 1123 (C.D. Cal. 2015)..................................................... 14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CASES**                                                                       **PAGE(s)**

*Skidmore v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 453 (2020),
  *reh'g denied*, 141 S. Ct. 946 (2020) ................................................................ *passim*

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275
  F.3d 1187 (9th Cir. 2001) ......................................................................................... 7

*Stewart v. Wachowski*,
  574 F. Supp. 2d 1074 (C.D. Cal. 2005) ................................................................ 12

*Tate-Robertson v. Walmart, Inc.*,
  No. 19-cv-27 (JGB), 2019 WL 6448960 (C.D. Cal. May 16, 2019) ...................... 10

*Very Music Inc. v. Kid Glove Prods., Inc.*,
  No. 12-cv-4891 (JGB), 2016 WL 66749914 (C.D. Cal. Apr. 28, 2016) .................. 8

*VMG Salsoul, LLC v. Ciccone*,
  No. 12-cv-5967 (BRO), 2013 WL 8600435 (C.D. Cal. Nov. 18, 2013),
  *aff'd in part, vac'd in part on other grounds*, 824 F.3d 871 (9th Cir.
  2016) ............................................................................................................... 15, 16

**STATUTES AND RULES**

Fed. R. Civ. P. 11 ......................................................................................................... 2

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 6

17 U.S.C. § 102(b) ...................................................................................................... 16

17 U.S.C. § 114(b) ........................................................................................................ 3

17 U.S.C. § 411(a) ........................................................................................................ 8

**TREATISES**

1 *Nimmer on Copyright* § 2.05 (2019) ..................................................................... 15

4 *Nimmer on Copyright* § 13.02[B] (2021) ............................................................. 12

**OTHER AUTHORITIES**                                        **PAGE(s)**

Don Michael Randel, *The Harvard Dictionary of Music* (4th ed. 2003) .................. 5, 13

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Benjamin Joseph Levin p/k/a Benny Blanco ("Blanco"), Ashley Nicolette Frangipane p/k/a Halsey ("Halsey"), Nathan Perez p/k/a Happy Perez ("Perez"), Khalid Donnel Robinson p/k/a Khalid ("Khalid"), Edward Christopher Sheeran ("Sheeran"), Friends Keep Secrets, Inc. ("FKSI") and UMG Recordings, Inc. d/b/a Interscope Records ("UMG") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), to dismiss the Complaint filed in this action ("Complaint") by plaintiffs Konstantine Panagiotis Lois and Shane Jarret Williams ("Plaintiffs").[1]

## **PRELIMINARY STATEMENT**

The one-count Complaint for copyright infringement should be dismissed as a matter of law because Plaintiffs—the authors of an extremely obscure composition— have not alleged plausible facts sufficient to satisfy even a single element of a copyright infringement claim.  As a threshold matter, Plaintiffs do not allege ownership of a registered musical composition copyright.  Instead, they allege ownership of a sound recording copyright.  A sound recording copyright can only be infringed by actual duplication of the sound recording, and no such claim is or could be asserted here.  A musical composition copyright is distinctly different than a sound recording copyright and, consistent with Supreme Court precedent interpreting the Copyright Act, Plaintiffs cannot maintain this action without first having obtained a copyright registration in the musical composition they allege Defendants have infringed.

Nor have Plaintiffs plausibly pleaded actual copying, as they have not alleged any facts showing that Defendants had access to the allegedly infringed work.  Plaintiffs' conclusory statement that their composition was "available" on the Internet because they

---

[1]    A copy of the Complaint is annexed to the Declaration of Ilene S. Farkas dated August 23, 2021 (the "Farkas Declaration" or "Farkas Decl.") as Exhibit 1.  Undefined capitalized terms have the meanings given to them in the Complaint.

1

uploaded it to *iTunes* and various streaming platforms is insufficient as a matter of well-settled law.  Millions of songs have been made "available" on the Internet, and case law in this Circuit is unambiguous in holding that the mere fact a work has been made "available" on the Internet does not remotely suffice to plead access.[2]

Finally, it is a fundamental precept of copyright law that an infringement only arises where a defendant has copied protectable elements from a plaintiff's original work of authorship.  The lyrics of the songs are not at issue, nor are the melodies or percussion elements.  Rather, the sole expression that Plaintiffs allege Defendants have copied from their work corresponds to a four-dyad harmonic progression (a dyad is a combination of two notes, which makes a dyad even less complex and comprehensive than a chord, which features at least three notes).  The Ninth Circuit has made plain that basic musical building blocks, such as chord progressions—and a dyad is even less than that—are not protectable.  Accordingly, because the sole expression that Plaintiffs allege to be copied from their work is not protectable as a matter of law, they have not alleged and cannot allege unlawful appropriation.

For all of these reasons, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.  And because Plaintiffs cannot possibly allege plausible facts to satisfy their obligation to plead actual copying and unlawful appropriation, leave to replead should be denied.

_____

[2]     Plaintiffs have not even attempted to allege that their failure to allege access can be overcome because the two works share "striking similarities." This would require Plaintiffs to allege that the alleged similarities are so "unique" and "complex" as to render it "virtually impossible" that Defendants authored their composition without copying from the allegedly infringed work.  Plaintiffs have not made any such allegation, nor could they in good faith or in compliance with Rule 11, as they cannot possibly allege that the commonplace, unprotectable similarities allegedly shared between the two songs are so "unique" and "complex" so as to render independent creation by Defendants impossible.

# **RELEVANT FACTS**

## A.   **Loveless & Eastside**

Plaintiffs allege that they co-authored the musical composition titled "Loveless" in 2015, and that a band named *American XO* released a sound recording of the composition in 2016. (Complaint ¶ 17). Plaintiffs claim to own a registered copyright in a sound recording of Loveless. (*Id.* ¶ 18). Plaintiffs do not claim to own a registered copyright in the Loveless composition (*see generally* Complaint), and the Certificate of Registration alluded to in Paragraph 18 of the Complaint makes no reference to Plaintiffs registering, or otherwise owning, a copyright in that musical composition. (Farkas Decl. Exhibit 2).

Subsequent to Loveless allegedly being made available on *iTunes* and various streaming services in 2016 (and there are millions upon millions of songs available on streaming services), Plaintiffs allege that Sheeran, Halsey, Perez and Khalid co-authored the musical composition titled "Eastside," and that UMG and FKSI "released and distributed" a sound recording of the Eastside composition. (*Id.* ¶¶ 24, 26).

In their single-count Complaint, Plaintiffs allege that Eastside infringes the Loveless copyright. (*Id.* ¶¶ 64-69).[3]

## B.   **Plaintiffs' Bare Allegations Of Access And Actual Copying**

Cognizant that *American XO* is a relatively unknown band and that Loveless never experienced even a modicum of commercial success, Plaintiffs attempt to plead "access"

---

[3]   The Complaint does not articulate whether Plaintiff allege infringement with respect to the Loveless composition or the Loveless sound recording. This motion presumes that Plaintiffs allege infringement with respect to the composition. To the extent Plaintiffs allege infringement of the sound recording, that claim necessarily fails because sound recording infringement only occurs where the defendant reproduces the exact sound as recorded on the plaintiff's recording. *See Marshall v. Huffman*, No. 10-C-1665 (SI), 2010 WL 5115418, at *4 (N.D. Cal. Dec. 9, 2010) (citing 17 U.S.C. § 114(b)). That is not alleged to be the case here. (*See generally* Complaint). Moreover, the Court can confirm for itself that the Eastside recording does not duplicate any of the sound captured on the Loveless recording. (Complaint at Exhibit A).

by alleging, in conclusory fashion, that Loveless supposedly "has received wide distribution" simply because it was "available" on *iTunes* and various streaming platforms.  (Complaint ¶ 19).

Even after Plaintiffs heavily publicized their claims in this lawsuit (against high-profile musical artists), publicly available information confirms that in a streaming world where a million streams is relatively minimal, Loveless has been streamed virtually not at all.  For example, as of August 20, 2021, Loveless had only 738 streams on *Soundcloud* and 8,085 streams on *Spotify*.  (Farkas Decl. Exhibit 3).[4]

Because their allegations of access are both conclusory and indisputably insufficient, Plaintiffs seek to bolster them by citing an interview with Blanco from 2012 (three years before Plaintiffs authored Loveless and four years before they recorded and uploaded it to the Internet) in which Blanco is quoted as stating that he "probably download[s] 100 songs a day."  (Complaint ¶¶ 22-23).  Putting to the side that Blanco could not have "downloaded" Loveless three years before its creation and four years before its recording, Blanco's supposed downloading of songs in 2012 has nothing to do with the later alleged availability of Loveless on streaming services, and Plaintiffs do not allege that Blanco ever downloaded Loveless.

Nor do Plaintiffs allege that Defendants  ever streamed or otherwise listened to Loveless prior to co-authoring Eastside.  Rather, Plaintiffs merely speculate that Defendants could have heard Loveless since Loveless, along with tens of millions of other songs, were "available" on *iTunes* and various streaming platforms.  This Court may take judicial notice of the fact that around 60,000 new songs are uploaded and made "available" on *Spotify* on a ***daily basis*** and that more than 40 million songs were "available" on Spotify in 2018 when Blanco released Eastside.  *See*

---

[4]    Streaming data for the other services identified in the Complaint is not readily available.  In the event this case proceeds to discovery, Defendants will prove that Loveless had near negligible streams prior to the press generated by this lawsuit.

www.musicbusinessworldwide.com/over-60000-tracks-are-now-uploaded-to-spotify-daily-thats-nearly-one-per-second/ (citing official Spotify "Stream On" event, available on YouTube at www.youtube.com/watch?v=Vvo-2MrSgFE&ab_channel=Spotify); https://s22.q4cdn.com/540910603/files/doc_financials/annual/SPOT_20F_Master-Master_Exhibits_HTML.pdf (page 39).

Finally, the Complaint does not allege "striking similarity." (*See generally* Complaint). Nor could Plaintiffs plausibly allege "striking similarity," as the four dyads allegedly taken from Loveless are not remotely unique or complex, much less original to Loveless, and Plaintiffs do not allege, and could not possibly allege in good faith, facts showing that the only explanation for the alleged similarities is that Eastside copied Loveless.

## C.  Plaintiffs Exclusively Allege Copying Of Unprotectable Expression

Other than both songs being composed in 4/4 meter (which is termed "common time" because it is so ubiquitous in music and thus unprotectable as a matter of law), the sole expression that Plaintiffs allege Eastside copies from Loveless is a four-dyad harmonic progression. (Complaint ¶¶ 45-62).

A "dyad" is the combination of "[t]wo pitches, whether sounded simultaneously or successively." Don Michael Randel, *The Harvard Dictionary of Music* (4th ed. 2003).[5] The Complaint alleges that, when transposed into the same key, both Loveless and Eastside feature the same sequence of four dyads, and that each of the first three dyads is held for the same relative duration, notwithstanding that Eastside is composed at a substantially faster tempo than Loveless. (Complaint ¶¶ 44, 50-51, 53-58, 60-61).

---

[5]     Plaintiffs incorrectly assert that a dyad "is a two-note chord." (Complaint ¶ 40). In fact, a two-note dyad is less complex than a chord, which is typically three notes or more. *See The Harvard Dictionary of Music* (defining chord as "[t]hree or more pitches sounded simultaneously or functioning as if sounded simultaneously"). Excerpts from *The Harvard Dictionary of Music* are annexed as Exhibit 5 to the Farkas Declaration.

Ignoring that performance elements and musical techniques are not subject to copyright protection, the Complaint also alleges that one performing Eastside on guitar must use the same "finger positions" and utilize the "identical slide" technique along the guitar fret-board as one performing Loveless on guitar. (*Id.* ¶¶ 53, 62).

Plaintiffs do not allege any similarities between the lyrics, they admit that the songs are written in different keys, they do not allege any melodic similarities, they do not allege any similarities in the percussion elements and, as mentioned, they admit that Eastside's tempo is substantially faster than Loveless. (*Id.* ¶¶ 44, 51). In short, the alleged similarities identified by Plaintiffs are, consistent with the law in this Circuit (and elsewhere), unprotectable musical building blocks precisely because they are commonplace and are available to all composers to use.

## ARGUMENT

## I. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a complaint must allege plausible facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 678 (citations omitted). Where the "well-pleaded facts do not permit the court to infer more than the mere possibility" that a plaintiff is entitled to relief, dismissal is appropriate. *Id.* at 679; *see also Twombly*, 550 U.S. at 570 (where "plaintiffs … have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

Further, while courts generally accept factual allegations as true, that rule does not apply to legal conclusions, bare assertions or conclusory allegations. *E.g.*, *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss") (citation

omitted); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation omitted).

### B.   Copyright Infringement

To plead a claim for copyright infringement, a plaintiff must allege plausible facts demonstrating (1) that it owns or holds a legal or beneficial interest in a registered copyright, and (2) that the defendant copied protected aspects of the plaintiff's original work of authorship. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 453 (2020), *reh'g denied*, 141 S. Ct. 946 (2020).

"The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" *Id.* (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)).[6]

A motion to dismiss an infringement claim should be granted where "no reasonable jury could find that the works are substantially similar," or if it concludes that the similarities pertain only to unprotected elements of the work." *Basile v. Sony Pictures Ent. Inc.*, No. 14-cv-04264 (DMG), 2014 WL 12521344, at *2 (C.D. Cal. Aug. 19, 2014), *aff'd*, 678 F. App'x 473 (9th Cir. 2017) (citation omitted); *see also Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1064 (C.D. Cal. 2017) (granting motion to dismiss and noting "[t]here is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss") (citation omitted).

---

[6]   In *Skidmore*, the Ninth Circuit overruled *Rentmeester* to the extent *Rentmeester* had endorsed the "inverse ratio rule." *Skidmore*, 952 F.3d at 1066. Previously, the inverse ratio rule provided that the "stronger the evidence of access, the less compelling the similarities between the work works need[ed] to be in order to give rise to an inference of copying." *Id.* (citation & quotation omitted). *Rentmeester* otherwise remains good law.

7

1
2
3

## II.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT ALLEGE THAT PLAINTIFFS OWN A REGISTERED <u>COPYRIGHT IN THE LOVELESS MUSICAL COMPOSITION</u>

4
5
6
7

Subject to certain limited exceptions not applicable here, the Copyright Act "bars a copyright owner from suing for infringement until 'registration has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019) (quoting 17 U.S.C. § 411(a); ellipsis omitted).

8
9
10
11
12
13

Because Plaintiffs purport to sue for alleged infringement of the musical composition Loveless (and not for infringement of any sound recording of the same), and because the Complaint does not allege that Plaintiffs own a registered copyright in the Loveless composition (but only a registered sound recording copyright in a particular recording of the composition) (Complaint ¶ 18), Plaintiffs are barred from suing for alleged infringement of the musical composition. *Fourth Est. Pub.*, 139 S. Ct. at 888.

14
15
16
17
18
19
20
21
22
23
24
25

While in certain circumstances a copyright claimant may file a single application to register both a musical composition and a sound recording, specific instructions must be followed to achieve registration of both. *See* https://www.copyright.gov/circs/circ56a.pdf; *see also Very Music Inc. v. Kid Glove Prods., Inc.*, No. 12-cv-4891 (JGB), 2016 WL 6674991, at *4 (C.D. Cal. Apr. 28, 2016). Here, the Certificate of Registration for Loveless indicates, on its face, that it solely pertains to a sound recording. (Farkas Decl. Exhibit 2). Further, the Complaint does not allege that Plaintiffs filed a single application for both a sound recording and composition, nor does it include any allegation that Plaintiffs ever obtained a registration for the musical composition. Accordingly, because Plaintiffs fail to allege ownership of a registered copyright in the musical composition upon which they purport to bring suit, the Complaint is barred and should be dismissed.[7]

26
27
28

---

[7]   As set forth in Defendants' Notice of Motion, Plaintiffs have admitted to this defect in their pleading but have refused to voluntarily dismiss their Complaint.

III. **THE COMPLAINT SHOULD BE DISMISSED BECAUSE**
     **IT DOES NOT PLAUSIBLY ALLEGE ACTUAL COPYING**

Even if Plaintiffs could satisfy the first requirement to maintain a copyright infringement suit—having a valid registration of the work allegedly infringed—the Complaint should still be dismissed because Plaintiffs have not alleged, and cannot, as a matter of law allege, that Defendants copied from Loveless in authoring Eastside. "Because independent creation is a complete defense to copyright infringement, a plaintiff must prove that a defendant copied [his or her] work." *Skidmore*, 952 F.3d at 1064 (citation omitted).

Where, as here, a plaintiff lacks "direct evidence of copying," the plaintiff can attempt to prove actual copying "by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id.* (quoting *Rentmeester*, 883 F.3d at 1117). The Complaint offers no allegations that Defendants had access to Loveless, but rather offers only the conclusory allegation that Loveless, like tens of millions of other songs, was available on *iTunes* and streaming services. As a matter of law, that is woefully insufficient to satisfy the requirement of access.

A. **The Complaint Does Not Plausibly Allege Access**

"To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view [or listen to] the protected work." *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). As a general matter, "circumstantial evidence that meets this standard comes in two forms: (1) evidence of a chain of events linking the plaintiff's work with defendants' access to that work, and (2) evidence that a plaintiff's work has been widely disseminated." *Shaheed-Edwards v. Syco Entm't, Inc.*, No. 17-cv-6579 (SJO), 2017 WL 6403091, at *2 (C.D. Cal. Dec. 14, 2017) (citation omitted); *see also Batts v. Adams*, No. 10-cv-8123 (JFW), 2011 WL 13217923, at *2 (C.D. Cal. Feb. 8, 2011).

9

Here, there are no specific factual allegations of a chain of events linking any of the Defendants (much less the creators of Eastside) to having access to Loveless. Indeed, there are no factual allegations at all showing any linkage of any Defendant to Loveless. Instead, the Complaint includes a single, conclusory allegation of access: that Loveless supposedly achieved "wide distribution" simply because it was made "available" on *iTunes* and various streaming platforms. (Complaint ¶ 19). But Loveless did not achieve "wide distribution" merely because it was uploaded to the internet, and no facts have been pleaded showing any such "wide distribution." Instead, Loveless was merely one of some 40 million songs "available" on streaming platforms, with nearly 60,000 songs being uploaded to *Spotify* each day. There is not a single fact alleged in the Complaint showing that any of the Defendants somehow stumbled across an obscure song (which has had virtually no streaming activity), nor could Plaintiffs make such an allegation in good faith. The Complaint's bare assertion—wholly bereft of any corresponding factual detail showing that Loveless achieved the required "widespread dissemination" (which it did not)—does not plausibly plead access.

Where a complaint contains only barebones and conclusory allegations of access by virtue of a song being available on streaming platforms, courts routinely reject such allegations at the pleading stage and grant motions to dismiss. *E.g.*, *Shaheed-Edwards*, 2017 WL 6403091, at *3; *Hayes v. Keys*, No. 14-cv-6246 (PA), 2015 WL 12734010, at *2 (C.D. Cal. Jan. 7, 2015) (granting motion to dismiss and finding allegation that song had been "uploaded to YouTube … does not imply it was disseminated widely") (citation omitted); *Hayes v. Minaj*, No. 12-cv-7972 (SVW), 2012 WL 12887393, at *3 (C.D. Cal. Dec. 18, 2012) (same); *Batts*, 2011 WL 13217923, at *4 (fact that song had been uploaded to *iTunes*, *YouTube* and *Amazon.com* did not suffice to demonstrate the "widespread" dissemination required to show access); *Tate-Robertson v. Walmart, Inc.*, No. 19-cv-27 (JGB), 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019) ("Simply because a work is available for sale does not mean that the work has been 'widely disseminated'"). *See also Pareto*, 139 F.3d at 699 ("conclusory allegations of law and

1  unwarranted inferences are not sufficient to defeat a motion to dismiss") (citation
2  omitted).

3  Nor does the allegation (Complaint ¶¶ 22-23) that Blanco was quoted in 2012—
4  three years before Loveless was written and four years before Loveless was even
5  allegedly available online—that he "probably download[s] 100 songs a day" satisfy the
6  pleading requirement to set forth a plausible basis on which access may be inferred
7  where it is undisputed that tens of millions of songs are "available" on the Internet. Far
8  from plausible, Plaintiffs' unsupported hope that Blanco could have accessed Loveless,
9  an obscure song that was streamed a negligible number of times when there were tens
10  of millions of songs available on the Internet is infinitesimally remote. The Complaint
11  does not include the requisite "significant affirmative and probative evidence" of access;
12  it offers only pure speculation of a theoretical and highly remote possibility of access,
13  which does not suffice. *See Batts*, 2011 WL 13217923, at *2 ("Reasonable access
14  requires more than a bare possibility and may not be inferred through mere speculation
15  or conjecture. In order to support a claim of access, a plaintiff must offer 'significant
16  affirmative and probative evidence'") (citations & quotations omitted).

17  Ultimately, the allegation that Loveless achieved "widespread dissemination"
18  merely because it, and tens of millions of other songs, were "available" on the Internet
19  is plainly untrue and such baseless speculation has been repeatedly rejected by the Courts
20  of this Circuit. Indeed, if all that access required was for a song to have been uploaded
21  to a streaming service along with millions of other songs, it would make the requirement
22  of access a dead letter. That is precisely why Courts require more than a bare possibility
23  of access and routinely hold that mere Internet availability does not establish access.

24  Leave to replead also should be denied because no possible plausible facts could
25  be alleged to demonstrate, or even suggest, "widespread dissemination." *E.g.*, *DeSoto*
26  *v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend should
27  be denied where "the court determines that the allegation of other facts consistent with
28  the challenged pleading could not possibly cure the deficiency") (quoting *Schreiber*

11

1  *Distribg. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

2  Indeed, the existing streaming data proves otherwise.

3        **B.**     **The Complaint Does Not Plausibly Allege Striking Similarity**

4        In the absence of plausible allegations of access, a copyright plaintiff may plead

5  actual copying by alleging plausible facts showing "striking similarity"—a high bar that

6  requires "the sort of similarities that cannot satisfactorily be accounted for by a theory

7  of coincidence, independent creation, prior common source, or any theory other than that

8  of copying." *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1103 (C.D. Cal. 2005)

9  (citation & quotation omitted). Plaintiffs do not even attempt to plead striking similarity.

10        As *Nimmer* explains, "[a]t base, 'striking similarity' simply means that, in human

11  experience, <u>it is virtually impossible that the two works could have been independently</u>

12  <u>created</u>." 4 *Nimmer on Copyright* § 13.02[B] (2021) (emphasis added). Thus, to plead

13  striking similarity, "[t]he similarities should be <u>sufficiently unique or complex</u> as to

14  make it unlikely that both pieces were copied from a prior common source, or that the

15  defendant was able to compose the accused work as a matter of independent creation."

16  *Stewart*, 574 F. Supp. 2d at 1103 (citation, quotation & ellipsis omitted; emphasis

17  added); *see also Klauber Brothers, Inc. v. H and M Hennes and Mauritz LP*, No. 18-cv-

18  3507 (MWF), 2018 WL 6985316, at *5 (C.D. Cal. Dec. 11, 2018) (granting motion to

19  dismiss and, upon side-by-side comparison of the works, finding allegations of striking

20  similarity insufficient).

21        The Complaint does not, and could not, even allege striking similarity; Defendants

22  address it only to show that Plaintiffs could not possibly satisfy its pleading requirements

23  if they were to seek leave to replead. Plaintiffs could not plausibly, and in good faith,

24  allege striking similarity because the only part of Loveless alleged to have been copied—

25  the four-dyad harmony—is a "trite" musical building block that is not remotely unique

26  or complex. *E.g.*, *Gray v. Perry*, No. 15-cv-5642 (CAS), 2020 WL 1275221, at *5 (C.D.

27  Cal. Mar. 16, 2020) (describing as "common or trite" various musical elements,

28  including "chord progressions") (citing *Morrill v. Stefani*, 338 F. Supp. 3d 1051, 1060

12

(C.D. Cal. 2018)); *see also Skidmore*, 952 F.3d at 1069 (explaining that "common or trite musical elements" are "building blocks" and "belong in the public domain") (citations & quotations omitted).[89]

Accordingly, Plaintiffs have not pleaded striking similarity and cannot do so since the songs at issue share only commonplace and unprotectable elements that are not remotely unique or complex.  Thus, leave to replead should be denied as futile.  *E.g., DeSoto*, 957 F.2d at 658; *Schreiber Distribg. Co.*, 806 F.2d at 1401.

## IV.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT <u>DOES NOT PLAUSIBLY ALLEGE UNLAWFUL APPROPRIATION</u>

In addition to pleading, and ultimately proving, that a defendant actually copied from his or her original work of authorship, a plaintiff also must plead, and ultimately prove, unlawful appropriation.  *Skidmore*, 952 F.3d at 1064.

"To prove unlawful appropriation … the similarities between the two works must be '<u>substantial</u>' and they must involve <u>protected</u> elements of the plaintiff's work." *Rentmeester*, 883 F.3d at 1117 (emphases added).  In assessing unlawful appropriation, the Ninth Circuit "use[s] a two-part test to determine whether the defendant's work is substantially similar to the plaintiff's copyrighted work."  *Skidmore*, 952 F.3d at 1064 (citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  "Both tests must be satisfied for the works to be deemed substantially similar."  *Id.*  (citation omitted).

---

[8]    Again, a dyad is even more basic than a chord because it includes only two notes whereas a chord includes at least three.  *See The Harvard Dictionary of Music* (4th ed. 2003).

[9]    Numerous compositions written and released prior to Loveless feature the same exact four-dyad progression, including, without limitation, Welcome To The Black Parade (2006) by *My Chemical Romance*, Friend To A Stranger (2007) by *Emerson Hart*, The Redeemer (2013) by *Falling Off Maps*, Letting You Go (2015) by *Gabrielle Aplin*, and Whataya Want From Me (2009) by *Adam Lambert*.

To the extent Defendants seek dismissal based on the Complaint's failure to allege plausible facts showing unlawful appropriation, their motion is predicated solely on the "extrinsic test," *i.e.*, the first part of the two-part test.  That test asks whether the <u>protectable elements</u> in the two works share "objective" and "specific expressive elements." *Id.*; *see also Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) ("Because only those elements of a work that are protectable and used without the author's permission can be compared when it comes to the ultimate question of illicit copying, we use analytic dissection to determine the scope of copyright protection before works are considered 'as a whole.'") (citations omitted).

To be clear, since an element within a work may be unprotectable even though the work as a whole qualifies for copyright protection (*see Corbello v. Valli*, 974 F.3d 965, 973 (9th Cir. 2020)), the extrinsic test is "critical" to distinguish between permissible copying of unprotectable elements and the "'illicit copying'" of protected elements of a work.  *Gray*, 2020 WL 1275221, at *4 (quoting *Rentmeester*, 883 F.3d at 1117); *see also Skidmore*, 952 F.3d at 1064 ("Crucially, because only substantial similarity in protectable expression may constitute actionable copying that results in infringement liability, it is essential to distinguish between the protected and unprotected material in a plaintiff's work.") (citation omitted).

Accordingly, in applying the extrinsic test, courts "must take care to inquire only whether the <u>protectible elements, standing alone,</u> are substantially similar," and "filter out and disregard the non-protectible elements in making its substantial similarity determination." *Cavalier*, 297 F.3d at 822 (citations & quotations omitted; emphasis in original).[10]

---

[10]     Despite dicta in some cases suggesting the contrary, "determining substantial similarity does not necessarily require expert testimony." *Masterson v. Walt Disney Co.*, 821 F. App'x 779, 781 (9th Cir. 2020) (citing *Rentmeester*, 883 F.3d at 1123); *see also Shame on You Prods. v. Banks*, 120 F. Supp. 3d 1123, 1147 (C.D. Cal. 2015) (rejecting assertion "that the court could not conduct the extrinsic test … without expert opinion to

As applied to music, "many if not most of the elements that appear in popular music are not individually protectable." *Gray*, 2020 WL 1275221, at *4 (citing 1 *Nimmer on Copyright* § 2.05 (2019)).  As a consequence, "courts in musical copyright cases have a <u>significant obligation</u> … to encourage others to build freely upon the ideas and information conveyed by a work, and at the same time motivate creative activity, by <u>carefully limiting the scope of copyright protection to truly original expression only</u>." *Id.* (emphases added; citations, quotations & brackets omitted).

Guided by that significant obligation, the Ninth Circuit and District Courts within this Circuit have recognized that copyright protection does <u>not</u> extend to "common or trite musical elements," and that basic musical "building blocks" such as key, meter, tempo **and chord progressions** do not, in isolation, qualify for copyright protection. *Skidmore*, 952 F.3d at 1069 (citations & quotations omitted); *accord Gray*, 2020 WL 1275221, at *5 (finding unprotectable, among other things, "chord progressions," the rhythmic technique known as "syncopation," and "the use of basic musical devices in different manners") (citations & quotations omitted); *Morrill*, 338 F. Supp. 3d at 1060 ("[U]se of chord progressions and tempos are unprotectable scènes à faire as these elements can be expressed only in a limited number of ways."); *VMG Salsoul, LLC v. Ciccone*, No. 12-cv-5967 (BRO), 2013 WL 8600435, at *7 (C.D. Cal. Nov. 18, 2013) ("Easily arrived at phrases and chord progressions are usually non-copyrightable") (citations omitted), *aff'd in part, vac'd in part on other grounds*, 824 F.3d 871 (9th Cir. 2016); *Newtown v. Diamond*, 388 F.3d 1189, 1190 (9th Cir. 2004) (noting that District Court, in a "scholarly opinion," ruled that a three-note phrase "lacked sufficient originality to merit copyright protection," but declining to reach issue on appeal) (citation omitted).  *See also McDonald v. West*, 138 F. Supp. 3d 448, 454 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016) (granting motion to dismiss and finding

guide it," and explaining "[t]here is no authority for this proposition" and that "courts routinely disregard expert testimony in conducting the extrinsic test, even where it is otherwise properly before the court").

1  "common rhythms, song structures, and harmonic progressions are not protected")

2  (citations omitted).

3       Measured against the established law of this Circuit (and others) regarding what

4  musical elements are and are not protectable, the Complaint should be dismissed.  The

5  sole basis for Plaintiffs' claim of infringement is the four-dyad progression.  In

6  accordance with *Skidmore*, *Gray*, *Morrill* and *Ciccone*, the four-dyad progression—

7  which is even more basic and fundamental a musical building block than a four-chord

8  progression—is unprotectable as a matter of law.  Because what Plaintiffs claim has been

9  copied is something that they cannot claim exclusively for themselves.  The Complaint

10 must be dismissed.  *E.g.*, *Basile*, 2014 WL 12521344, at *2; *Puckett v. Hernandez*, No.

11 16-cv-02199 (SVW), 2016 WL 7647555, at *3-7 (C.D. Cal. Dec. 21, 2016); *Erickson v.*

12 *Blake*, 839 F. Supp. 2d 1132 (D. Or. 2012); *see also Gray*, 2020 WL 1275221, at *5.[11]

13      Leave to replead should be denied because there are no possible factual allegations

14 that could overcome the deficiencies in the Complaint.  *E.g.*, *DeSoto*, 957 F.2d at 658;

15 *Schreiber Distribg. Co.*, 806 F.2d at 1401.

16

17

18

19

20

21

22

---

23 [11]     Nor may Plaintiffs show unlawful appropriation by alleging that the same guitar-

24 playing technique is required to perform both compositions.  Musical techniques and

   performance elements are not included within the scope of protection for musical

25 composition copyrights.  *E.g.*, *Newtown*, 349 F.3d at 595 ("[W]e may consider only

26 [defendant's] appropriation of the song's compositional elements and must remove from

   consideration all the elements unique to [plaintiff's] performance"); *see also* 17 U.S.C.

27 § 102(b) ("In no case does copyright protection for an original work of authorship extend

28 to any idea, procedure … [or] method of operation … ").

1

## <u>CONCLUSION</u>

2    It is respectfully submitted that the motion should be granted, that the Complaint

3  should be dismissed without leave to replead, that Plaintiffs and/or their counsel should

4  be ordered under Federal Rule of Civil Procedure 11(c)(3) show cause why they should

5  not be sanctioned for violation of Rule 11(b)(3) (for the reasons detailed in Defendants'

6  Notice of Motion), and that the Court should grant Defendants such other and further

7  relief as may be just and proper.

8

9

10

11                              **PRYOR CASHMAN LLP**

12

13  Dated: September 17, 2021            By:    */s/ Benjamin S. Akley*

14                                       Benjamin S. Akley
                                         *bakley@pryorcashman.com*
15
                                         *Attorneys for Defendants*
16                                       *Benjamin Joseph Levin p/k/a Benny Blanco, Ashley*
                                         *Nicolette Frangipane p/k/a Halsey, Nathan Perez p/k/a*
17                                       *Happy Perez, Khalid Donnel Robinson p/k/a Khalid,*
                                         *Edward Christopher Sheeran, Friends Keep Secrets,*
18                                       *Inc. and UMG Recordings, Inc. d/b/a Interscope*
                                         *Records*
19

20

21

22

23

24

25

26

27

28